BORIS BENJAMIN, Doing Business under the Name of BENJAMIN'S CASTLE HILL PHARMACY, et al., Plaintiffs, *v.* PALAN DRUG CO., INC., Defendant.█

Supreme Court, Special Term, Bronx County, March 24, 1948.

*Joseph J. Hammer* and *Gerald Dickler* for plaintiffs.

*Charles Green Smith* for defendant.

McGEEHAN, J. The court views the evidence adduced at the trial as tending to establish two inconsistent and conflicting theories: one, urged by the plaintiffs, that the trading stamps in litigation were in fact a rebate on the retail selling price of restricted merchandise; and the second theory, the one urged by the defendant, that the trading stamps were issued for all merchandise sold for cash, and they were not limited to those articles specified and restricted by the agreements set forth.

The court finds that the plaintiff has not adduced sufficient proof to preponderate in the alleged cause of action set forth in the complaint. The court observes that cash discounts for cash sales in retail sales do not differ in essential respects from the discounts allowed for cash payments in wholesale transactions to which nobody attributes any illegality or impropriety.

Accordingly, the court finds as a matter of fact that there is as much proof to establish the defendant's factual contention as there is to establish the plaintiffs' alleged cause of action, and since the plaintiffs, as a matter of law, have the burden of proof as to all the issues of fact which they have failed to meet in this litigation, the defendant's motion, made at the end of the entire case, to dismiss the complaint is granted.

Settle decision and judgment accordingly.

*Findings of Fact*

(April 2, 1948.)

1. That plaintiffs are, respectively, owners of duly licensed pharmacies located in the borough of The Bronx, city and State of New York, where they sell at retail patent medicines, drugs, pharmaceuticals, cosmetics, and other medicinal and toilet products.

2. That the stores owned by the respective plaintiffs are located within a radius of three and one-half city blocks of the store of defendant.

3. That at the times herein mentioned, defendant owned, operated and maintained, and still operates and maintains, a retail drug store, known as " Webster Drug Store ", at No. 1457 Unionport Road, in the borough of The Bronx, city and State of New York, where it sells at retail, among other things, patent medicines, drugs, pharmaceuticals and other medicinal and toilet products.

4. That plaintiffs are in free and open competition with defendant and with each other.

5. That prior to the acts of defendant hereinafter described, certain manufacturers, distributors and wholesalers of drugs, patent medicines, pharmaceuticals, cosmetics, and medicinal and toilet products, pursuant to chapter 976 of the Laws of 1935 (commonly known as the " Fair Trade Law ") entered into contracts with retailers in the State of New York, which said contracts provide, among other things, that said retailers would not advertise, offer for sale or sell the respective products of said manufacturers, distributors, and wholesalers at less than the minimum prices stipulated therein by and between said manufacturers, wholesalers and distributors, and the said retailers, respectively.

6. That all of said products with respect to which the aforesaid contracts were made are articles of standard quality, packaged in standard sizes, and which bear or the contents of which bear

the trade-mark and trade name of the manufacturer, distributor or owner thereof, and are sold in the State of New York in open and fair competition with products of the same general class produced and sold by others.

7. That all of the aforesaid products with respect to which such contracts were made are sold by plaintiffs and defendant in competition with each other.

8. That at the time the acts of defendant hereinafter described were performed and committed and at the time of the commencement of this action and at all times herein mentioned, the aforesaid contracts were and still are in force.

9. That prior to the acts of defendant hereinafter described, said defendant was notified of the existence and terms of the said contracts and of the minimum prices stipulated therein; and at the time of the said acts, defendant had knowledge of the existence and terms of said contracts and of the minimum prices stipulated therein.

10. That pursuant to written agreement entered into between defendant, named therein as '' Webster Drug Store '', and The Sperry and Hutchinson Company, defendant has ordered and received from said company from time to time pads of '' S & H '' discount stamps which it has offered and distributed to its customers who have purchased merchandise subject to the aforesaid contracts at the minimum resale prices stipulated therein, in consideration of their making cash payments, at the rate of one stamp for each ten cents paid, and has distributed among its customers '' S & H '' stamp books within which to paste and accumulate said stamps for redemption, and has redeemed, when presented, each filled stamp book of 1,200 stamps, representing total cash purchases of $120, by delivering in exchange therefor $2 worth of defendant's merchandise amounting in value to 1.66% of the cash purchases so represented by each filled stamp book, which filled books have later been redeemed by The Sperry and Hutchinson Company paying to defendant $2 in cash for each.

11. That defendant has offered said stamps to its cash customers at said rates indiscriminately as respects the character of the merchandise purchased by them whether or not the merchandise be subject to any contract entered into under the Fair Trade Act.

12. That the said practice of allowing cash discounts in retail merchandising pursuant to the discount stamp system of The Sperry and Hutchinson Company has been long established and widely used in the State of New York and in thirty-eight of the United States.

13. That the offering and issuance of said stamps by defendant was not for the purpose of cutting the resale price of any merchandise in connection with the resale of which said stamps were offered, nor did it operate to affect the good will or other value of any such merchandise or of any brand or trade-mark thereof in violation of the provisions and purposes of the Fair Trade Act.

14. That the actual purpose of the offering and issuance of said " S & H " stamps in the manner aforesaid was to invite and reward the payment of cash on purchases made in defendant's store.

### Conclusions of Law

I. That the offering and issuance of " S & H " discount stamps in the manner aforesaid constitute a discount in consideration of the payment of cash by defendant's customers.

II. That the evidence does not establish that the defendant has willfully and knowingly advertised, or offered for sale or sold, any commodity at less than the price stipulated in any contract entered into pursuant to the provisions of said Fair Trade Act.

III. That the merchandising practice, as established by the evidence, of offering stamps in the manner aforesaid is not unfair competition and is not actionable at the suit of the plaintiffs under the provisions and purposes of the Fair Trade Act.

IV. That the defendant is entitled to judgment dismissing plaintiffs' complaint on the merits with costs, and judgment is hereby directed accordingly.